FILED

2010 JUL 13  AM 8: 52

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WEAKLEY<br><br>                      Plaintiff,<br>    vs.<br><br>REDLINE RECOVERY SERVICES, LLC,<br>JAY RILEY CHATES AND KEN HARDY,<br><br>                    Defendants. | CASE NO. 09-cv-1423 BEN (WMc)<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' RULE 12(b)(1)-(2) and 12(b)(6) MOTION TO DISMISS<br><br>[Docket No. 32] |

## INTRODUCTION

Currently before the Court is Defendants' Rule 12(b)(1)-(2) and 12(b)(6) motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. [Dkt. No. 32.] For the reasons set forth below, the Court **DENIES** Defendants' Motion to Dismiss.

## BACKGROUND

This action arises from Defendants' alleged unlawful and abusive attempts to collect a debt allegedly owed by Plaintiff as stated in Plaintiff's First Amended Complaint ("FAC"). Defendant Redline Recovery Services, LLC, ("RRS") is a debt collection agency located in Alpharetta, Georgia. [FAC ¶ 10.] Defendants Jay Riley Chates and Ken Hardy are employees and agents of RRS and reside in Dallas, Texas. [FAC ¶ 11; Schmidt's Decl. in Supp. of Defs.' Mot. to Dismiss, Exs. A and D.] Plaintiff is an individual consumer and resides in San Diego, California. [FAC ¶ 9.]

1    On June 30, 2009, Plaintiff initiated this action against Defendants, alleging causes of

2    action for violation of 15 U.S.C. §§ 1692 et seq., the federal Fair Debt Collection Practices Act

3    (hereinafter, "FDCPA"), and California Civil Code §§ 1788-1788.32, the Rosenthal Fair Debt

4    Collection Practices Act (hereinafter, "RFDCPA").

5    Prior to June 4, 2009, Plaintiff allegedly incurred "consumer debt" as defined by the

6    RFDCPA in California Civil Code § 1788.2(f) and fell behind in payments owed. [FAC ¶¶ 20-

7    23.] Plaintiff's alleged debt was then assigned to Defendants for collection. [FAC ¶ 24.] On or

8    around June 4, 2009, according to Plaintiff, Defendants telephoned Plaintiff and demanded

9    payment of the debt. [FAC ¶ 26.] At this time, Plaintiff informed Defendants of his employment

10   with the United States Marine Corp. and provided Defendants with two telephone numbers at

11   which he could be contacted. [FAC ¶ 29.]

12   On or about June 5, 2009, Defendants allegedly telephoned the United States Marine Corp.

13   "base locator" to verify Plaintiff's employment. [FAC ¶ 30.] It is alleged Defendants then

14   immediately telephoned Plaintiff's employer at Marine Corps Air Station Miramar and advised the

15   employer of Plaintiff's debt. [FAC ¶ 31.] Later that day, Defendant RRS allegedly requested

16   Plaintiff's permission, and plaintiff allegedly agreed, to allow Defendant to electronically withdraw

17   funds from Plaintiff's bank account. [FAC ¶ 36.]

18   Before June 10, 2009, Plaintiff allegedly became aware that a loan he previously believed

19   he would obtain to cover the withdrawal of funds had not been approved. Consequently, Plaintiff

20   believed that Defendant's attempt to withdraw funds from his bank account would result in

21   insufficient funds. [FAC ¶ 37.] Plaintiff allegedly then spoke with Defendant RRS and informed

22   RRS he wished to retract permission previously given to withdraw funds from his bank account.

23   [FAC ¶ 38.]

24   On or about June 11, 2009, according to Plaintiff, Defendant Chates contacted Plaintiff's

25   supervisor CWO2 Sean Flores ("Flores") and advised him of Plaintiff's debt. [FAC ¶ 39.] Flores

26   allegedly urged Defendant not to contact Plaintiff's commanding officer, Lt. Col. Todd Jenkins

27   ("Jenkins"). Defendant Chates allegedly telephoned Jenkins immediately and informed him that

28   Plaintiff's debt was delinquent and Plaintiff was "dishonest." [FAC ¶¶ 43-44, 49.] Subsequently,

1  Flores telephoned Defendant Chates to, again, tell him to cease contact with Jenkins. [FAC ¶ ¶
2  54.]  Plaintiff alleges that, during this conversation, Defendant Chates was extremely rude and
3  hostile, prompting Flores to request to speak to Defendant's supervisor, Defendant Hardy. [FAC ¶
4  ¶ 55-56.]  Defendant Hardy proceeded to inform Flores that Defendants were attempting to collect
5  Plaintiff's debt in the amount of $3,000.000 for charges made to a Sears card.  [FAC ¶ 56.]
6  Plaintiff alleges Defendants' communication with Flores and Jenkins regarding Plaintiff's alleged
7  debt violates the FDCPA and the RFDCPA.  [FAC ¶ ¶ 32-34, 40-42, 45-47, 50-51, 61.]
8         On or about June 16, 2009, according to Plaintiff, Defendant RRS communicated with
9  Plaintiff by letter, stating Defendants had an agreement with Plaintiff to electronically withdraw
10  funds from Plaintiff's bank account.  [FAC ¶ 59.]  Plaintiff alleges Defendant's communication
11  was a false, deceptive, or misleading representation in violation of the FDCPA and the RFDCPA.
12  [FAC ¶ 59.]
13         On or about June 26, 2009, Plaintiff alleges Defendants submitted an electronic withdrawal
14  to Plaintiff's bank account for the sum of $3,093.45, in defiance of Plaintiff's instruction not to do
15  so.  [FAC ¶ 60.]  Plaintiff alleges that Defendants used an unfair or unconscionable means to
16  collect or attempt to collect any debt in violation of the FDCPA and the RFDCPA. [FAC ¶ 60.]
17                                    **DISCUSSION**
18  **A. The Court has Subject Matter Jurisdiction**
19         Defendants move to dismiss the instant action for lack of subject matter jurisdiction.  This
20  court has subject matter jurisdiction over Plaintiff's claims under the FDCPA pursuant to 28
21  U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28
22  U.S.C. § 1367.  Therefore, the Court denies Defendant's motion to dismiss for lack of subject
23  matter jurisdiction.
24  **B. The Court has Personal Jurisdiction**
25         Defendants argue this Court lacks personal jurisdiction over the individual Defendants,
26  Chates and Hardy.  The plaintiff has the burden of demonstrating the district court's personal
27  jurisdiction over the defendants. *See Harris v. Rutsky & Co. Ins. Servs., Inc.*, 328 F.3d 1122, 1128-
28  29 (9th Cir. 2003).  "However, this demonstration requires that plaintiff make only a prima facie

- 3 -                                                    09-cv-1423

1   case showing of all jurisdictional facts to withstand the motion to dismiss." *Pebble Beach Co. v.*

2   *Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006).

3        "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First,

4   the exercise of jurisdiction must satisfy the requirements of the applicable long-arm statute.

5   Second, the exercise of jurisdiction must comport with federal due process." *Dow Chem. Co. v.*

6   *Calderon,* 422 F.3d 827, 830 (9th Cir. 2005). Because the Court is located within the state of

7   California, the applicable long-arm statute is California's. California's long-arm statute permits

8   local courts to exercise personal jurisdiction to the extent allowed by the Due Process Clause of the

9   California and United States Constitutions. Cal. Civ. Proc. Code § 410.10. Federal Due Process

10  requires that a nonresident defendant have certain minimum contacts with the forum state such that

11  the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial

12  justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Pebble Beach Co.,* 453

13  F.3d at 1154.

14        There are two types of personal jurisdiction, general and specific. The parties agree that

15  general jurisdiction is not an applicable basis for personal jurisdiction, but dispute whether specific

16  jurisdiction is appropriate. The Ninth Circuit applies the following three-part test for specific

17  jurisdiction:

18        (1) the defendant has performed some act or consummated some transaction within
          the forum or otherwise purposefully availed himself of the privileges of conducting
19        activities in the forum; (2) the claim arises out of or results from defendant's forum-
          related activities; and (3) the exercise of jurisdiction is reasonable.
20

21  *Pebble Beach Co.,* 453 F.3d at 1155. Because individual Defendants Chates and Hardy, from

22  Texas, contacted Plaintiff and Plaintiff's military workplace, in California, by telephone to collect

23  Plaintiff's alleged debt, Defendants have performed acts or transactions within the forum. *See*

24  *Panavision Intern., L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998). Further, Plaintiff's

25  claims arise out of these telephone calls made by Defendants. In order to determine whether the

26  exercise of jurisdiction is reasonable, a defendant "must present a compelling case that the

27  presence of some other considerations would...make litigation so gravely difficult and inconvenient

28  that a party unfairly is at a severe disadvantage in comparison to his opponent." *Burger King*

1   *Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985) (internal quotation and citation omitted); *see also*

2   *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1132 (9th Cir. 2003).

3   Defendants have not presented other considerations in their motion to suggest litigation will be

4   gravely difficult and inconvenient if litigated in California.  Therefore, Defendants'

5   communication with Plaintiff in California constitutes contacts sufficient to demonstrate that

6   Defendants Chates and Hardy are subject to personal jurisdiction.

7           **C. The Court Denies Defendant's 12(b)(6) Motion To Dismiss**

8           **1. Legal Standard**

9         Defendants move to dismiss all claims against all Defendants.  Under Federal Rule of Civil

10  Procedure 12(b)(6) an action or part of an action may be dismissed for failure to state a claim upon

11  which relief may be granted.  A motion to dismiss a complaint under Rule 12(b)(6) tests the legal

12  sufficiency of the claims asserted in the complaint.  *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir.

13  2001).  To satisfy this rule, a complaint generally must comport with the pleading requirements of

14  Federal Rule of Civil Procedure 8(a)(2), requiring "a short and plain statement of the claim

15  showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2); *Porter v. Jones,* 319 F.3d

16  483, 494 (9th Cir. 2003).  Recent United States Supreme Court holdings, *Bell Atlantic Corp. v.*

17  *Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), further require a

18  plaintiff to plead sufficient factual allegations to state a "plausible" claim for relief.  *Twombly,* 550

19  U.S. at 556; *Iqbal,* 129 S. Ct. at 1950.

20        Determining whether a complaint states a plausible claim for relief will...be a
      context-specific task that requires the reviewing court to draw on its judicial

21        experience and common sense.  But where the well-pleaded facts do not permit the
      court to infer more than the mere possibility of misconduct, the complaint has

22        alleged - but it has not shown that the pleader is entitled to relief.

23  *Iqbal,* 129 S. Ct. at 1950 (internal citation and quotation omitted).

24          **2. Plaintiff States a Plausible Claim for Relief on All Counts**

25              **a. Counts One and Two: Violations of the FDCPA and the RFDCPA**

26        With respect to counts one and two for violations of the FDCPA and the RFDCPA,

27  Plaintiff states plausible claims for relief.

28  ///

1    First, it is necessary for the Court to determine whether the term "debt collector"

2  applies to the individual Defendants as well as the agency Defendant, RRS, under both the

3  FDCPA and the RFDCPA.  Authority has been split as to whether an individual employee

4  may be held personally liable as a "debt collector" under the FDCPA. "The Sixth Circuit

5  and the majority of district courts that have considered the issue, including all such district

6  courts in the Ninth Circuit, have concluded that employees can be held personally liable

7  under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.,* 654 F. Supp. 2d

8  1051, 1059 (C.D. Cal. 2009) (collecting cases and citing *Schwarm v. Craighead,* 552 F.

9  Supp. 2d 1056, 1070 (E.D. Cal. 2008)).  Further, the Federal Trade Commission has

10  interpreted the FDCPA's definition of "debt collector" to include "[e]mployees of a debt

11  collection business, including a corporation, partnership, or other entity whose business is

12  the collection of debts owned another." Statements of General Policy or Interpretation Staff

13  Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50102 (Dec.

14  13, 1988); *see also Schwarm,* 552 F. Supp. 2d at 1070 n. 11 (holding that courts "must give

15  substantial deference to an agency's interpretation of its own regulations." *Brannan v.*

16  *United Student Aid Funds, Inc.,* 94 F.3d 1260, 1263 (9th Cir. 1996) (quoting *Thomas*

17  *Jefferson Univ. v. Shalala,* 512 U.S. 504, 512 (1994)).

18    Under the RFDCPA, the term "debt collector" is defined as "any person who, in the

19  ordinary course of business, regularly, on behalf of himself or herself or others, engages in

20  debt collection." Cal. Civ. Code § 1788.2(c).  The *Robinson* court found that, due to the

21  inclusive language of the RFDCPA,  "[because]employees of a debt collection corporation

22  may be held personally liable as debt collectors under the federal FDCPA...employees may

23  similarly be held liable under the California FDCPA." *Robinson,* 654 F. Supp. 2d at 1060 n.

24  8.  Therefore, Plaintiff has plead that Defendants Chates and Hardy, by contacting Plaintiff

25  by telephone on behalf of RRS to collect his alleged debt, are debt collectors under the

26  FDCPA and the RFDCPA.

27  ///

28  ///

- 6 -

09-cv-1423

1      Further, Plaintiff has plead the three threshold requirements to recover under the

2  FDCPA, showing that Plaintiff is a "consumer," Defendants are "debt collectors," and

3  Defendants have committed some act or omission in violation of the FDCPA. *Robinson,*

4  654 F. Supp. 2d at 1057; *see also* 15 U.S.C. § 1692a(3), (6). Plaintiff has also plead the

5  three requirements to recover under the RFDCPA, demonstrating that Plaintiff is a

6  "debtor," Defendants are "debt collectors," and the debt at issue is "consumer debt." *Id.* at

7  1060; *see also* Cal. Civ. Code § 1788.2(b), (c), (f).

8                     **b. Counts Three and Four: Invasion of Privacy**

9      Plaintiff has stated plausible claims for relief for counts three and four for invasion

10  of privacy. Defendants simply dispute the allegations of Plaintiff's FAC. Because the

11  Court is required to accept all of Plaintiff's factual allegations as true on a motion to

12  dismiss, this is not a sufficient basis to grant the instant motion, as to these claims.

13                   **c. Counts Five Through Seven: State Law Tort Claims**

14      Lastly, Plaintiff has pleaded plausible claims for relief with respect to counts five

15  through seven, supplemental state law tort claims for negligence, tort in se, and negligent

16  training and supervision. Defendant argues the RFDCPA preempts Plaintiff's related state

17  law claims, claiming the RFDCPA already provides a specific private civil remedy. [Defs.'

18  Mot. to Dismiss, p. 7.] However, "violation of a statutory duty to another may therefore be

19  a tort, and violation of a statute embodying a public policy is generally actionable even

20  though no specific civil remedy is provided in the statute itself." *South Bay Bldg. Enters.,*

21  *Inc. v. Riviera Lend-Lease, Inc.,* 72 Cal. App. 4th 1111, 1123 (2d Dist. 1999); *see also*

22  *Joseph v. J.J. Mac Intyre Companies, L.L.C.,* 238 F. Supp. 2d 1158, 1170 (N.D. Cal. 2002)

23  (holding that RFDCPA claims and tort claims can be plead together). Further, absent

24  specific language in the RFDCPA, "[a] party may state as many separate claims or defenses

25  as it has, regardless of consistency." Fed. R. Civ. Pro. 8(d)(3); *PAE Gov't Servs. v. MPRI,*

26  *Inc.,* 514 F.3d 856, 858-859 (9th Cir. 2007) (the court allows pleading in the alternative

27  even if the alternatives are mutually exclusive). Therefore, the Court holds that Plaintiff

28  has stated plausible claims for relief on all counts.

**CONCLUSION**

In light of the above, the Court hereby **DENIES** Defendant's Motion to Dismiss in its entirety.

**IT IS SO ORDERED.**

Date: July 2, 2010

Hon. Roger T. Benitez
Judge, United States District Court

09-cv-1423