FILED

2010 AUG -2 PM 12: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WEAKLEY<br><br>    Plaintiff,<br>vs.<br><br>REDLINE RECOVERY SERVICES, LLC, JAY RILEY CHATES AND KEN HARDY,<br><br>    Defendants. | CASE NO. 09-cv-1423 BEN (WMc)<br><br>ORDER CLARIFYING DENIAL OF DEFENDANTS' RULE 12(b)(1)-(2) and 12(b)(6) MOTION TO DISMISS WITHOUT PREJUDICE<br><br>[Docket No. 51] |

Now before the court is Defendants' motion for clarification of the Court's July 13, 2010 order denying Defendants' Rule 12(b)(1)-(2) and 12(b)(6) motion to dismiss ("Motion"). Dkt. No. 51. Defendants claim: (1) the Court incorrectly stated that Defendants moved to dismiss for lack of subject matter jurisdiction; and (2) incorrectly stated Defendant Hardy contacted Plaintiff in California.

The Court correctly stated that Defendants' moved to dismiss the instant action for lack of subject matter jurisdiction. The caption to Defendants' Motion reads "Notice of Motion and Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1)-(2) and 12(b)(6)." Defs.' Mot. to Dismiss. Federal Rule of Civil Procedure 12(b)(1) is a defense for a claim for relief for lack of subject matter jurisdiction. Fed. R. Civ. Proc. 12(b)(1). Defendants also "moved this Court...for an order dismissing the complaint for lack of...subject matter jurisdiction" in the notice of the Motion. Defs.' Notice of Mot. 1. Defendants again mention a lack of subject matter jurisdiction in

the memorandum and points of authorities in support of the Motion. Def.'s Mot. to Dismiss 4. Plaintiff noted this reference in opposition, and Defendants never explained this reference in their reply. Pl. Opp. to Defs.' Mot. 22-23. Finally, Defendants conclude "[t]he Court does not have subject matter jurisdiction over Mr. Weakley's claims against them as individuals." Defs.' Mot. to Dismiss 9. Therefore, the Court correctly stated Defendants moved to dismiss the instant action for lack of subject matter jurisdiction.

Defendants further suggest that the Court incorrectly stated individual Defendant Hardy contacted Plaintiff in California by telephone. Defendants contend that because Plaintiff's First Amended Complaint ("FAC") does not specifically allege Hardy contacted Plaintiff in California, the Court lacks personal jurisdiction over Hardy. The Court first notes Defendants state in their Motion "Messrs. Cates and Hardy merely placed telephone calls on RRS' behalf to recover the debt that Mr. Weakley owes." Defs.' Motion to Dismiss 3. Despite any confusion on this point, the court finds the Ninth Circuit's three-part test for specific jurisdiction has been met as to Defendant Hardy:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable.

*Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir. 2006). Plaintiff alleges that, during a telephone conversation with Plaintiff's supervisor, Flores, Defendant Chates was extremely rude and hostile, prompting Flores to request to speak to Defendant's supervisor, Defendant Hardy. FAC ¶¶ 55-56. Defendant Hardy proceeded to inform Flores that Defendants were attempting to collect Plaintiff's debt in the amount of $3,000.000 for charges made to a Sears card. FAC ¶ 56. This conversation was a direct result of Defendants' repeated contact with Plaintiff and his employer in California, and, therefore, constitutes a transaction within the forum that purposefully avails Defendant Hardy of the privileges of conducting activities in California. Plaintiff's FDCPA claim arises out of Defendant Hardy's forum-related activities. Finally, as noted in the Court's July 13, 2010 order, Defendant has not presented a compelling case to show the exercise of jurisdiction

would be unreasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985).

To the extent Defendants are requesting the Court reconsider its July 13, 2010 decision, the motion is DENIED with the above clarification. The September 7, 2010 hearing date is vacated.

**IT IS SO ORDERED.**

Date: July __, 2010

Hon. Roger T. Benitez
Judge, United States District Court