UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WEAKLEY,<br><br>             Plaintiff,<br><br>v.<br><br>REDLINE RECOVERY SERVICES, LLC,<br>JAY RILEY CHATES and KEN HARDY<br><br>             Defendants. | Case No. 09cv1423 BEN (WMc)<br><br>**ORDER: (1) GRANTING IN PART APPLICATION TO EXTEND PRE-TRIAL MOTION CUT-OFF DATE AND (2) ISSUING THIRD AMENDED SCHEDULING ORDER [Doc. Nos. 66, 67.]** |

## I. INTRODUCTION

On December 9, 2010, plaintiff filed an *ex parte* application to set a pre-trial motion cut-off date in the above-entitled matter. [Doc. No. 66.] For the reasons stated below the *ex parte* application is **GRANTED IN PART.**

## II. STANDARD GOVERNING MODIFICATION OF PRETRIAL SCHEDULING ORDERS

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. Proc. 16(b). Accordingly, when parties seek to continue a deadline set by the court, they must first show good cause exists for the modification. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be

granted." *Zivkovic*, 302 F.3d at 1087.

## III. DISCUSSION

Here, Plaintiff has requested a modification of the second amended scheduling order in order to set a pretrial motion cut-off date. The pretrial motion cut-off date was vacated by the Court on April 21, 2010 at the joint request of the parties. [Doc. No. 44.] No further cut-off date was requested by the parties or set by the Court in response to the parties subsequent joint motions to extend the original and amended scheduling orders. The Court finds good cause exists to extend the pretrial motion cut-off date due to the unnecessary confusion created by the lack of a pretrial motion cut-off date. Moreover, diligence is not at issue as both parties have filed summary judgment motions within days of each other which are set to be heard long in advance of the May 16, 2010 pretrial conference date. Plaintiff's *ex parte* application is, therefore, **GRANTED IN PART.** Accordingly, the Court issues the following third amended scheduling order:

1. Discovery is closed.

2. All other pretrial motions must be filed on or before ***January 13, 2011.***

2. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1 (f) (2) on or before ***April 25, 2011.***

3. Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before ***April 25, 2011.***

4. Counsel shall meet and take the action required by Local Rule 16.1 (f) (4) on or before ***May 2, 2011.***

5. Objections to Pre-trial disclosures shall be filed no later than ***May 9, 2011.***

6. The Proposed Final Pretrial Conference Order required by Local Rule 16.1 (f) (6) shall be prepared, served, and lodged on or before ***May 9, 2011.***

7. The final Pretrial Conference is scheduled on the calendar of **Judge Roger T. Benitez** on ***May 16, 2011*** at ***10:30 a.m***. A trial date will be given at the Pretrial Conference.

8. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

9. The dates and times set forth herein will not be modified except for good cause

1  shown.

2      10.    Dates and times for hearings on motions should be approved by the Court's clerk
3  before notice of hearing is served.

4      **IT IS SO ORDERED.**

5  DATED: December 13, 2010

6  _____
7  Hon. William McCurine, Jr.
   U.S. Magistrate Judge
   United States District Court

8  COPY TO:

9  HONORABLE ROGER T. BENITEZ, U.S. DISTRICT JUDGE
10 ALL PARTIES AND COUNSEL OF RECORD