# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WEAKLEY,<br><br>                       Plaintiff,<br>    vs.<br><br>REDLINE RECOVERY SERVICES, LLC;<br>JAY RILEY; KEN HARDY,<br><br>                    Defendants. | CASE NO. 09cv1423 BEN (WMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS** |

Plaintiff Aaron Weakley moves for sanctions against Defendant's counsel for publically filing documents containing Plaintiff's social security number, without redaction, in violation of Federal Rule of Civil Procedure 5.2. Defendant's counsel opposes the imposition of sanctions. Because the Court finds that Defendant's counsel acted in bad faith, Plaintiff's request for sanctions is **GRANTED in part and DENIED in part**.

## DISCUSSION

The Court has the inherent power to issue sanctions. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). "The most common utilization of inherent powers is a contempt sanction levied to protect the due and orderly administration of justice and maintain the authority and dignity of the court." *Id.* (internal quotations and citations omitted). To award sanctions under the Court's inherent power, "the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 725, 767

1   (1980)).  A party can "demonstrate bad faith by 'delaying or disrupting the litigation or hampering

2   enforcement of a court order.'"  *Id.* at 649 (citing *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)).

3   The Court has "broad fact-finding powers with respect to sanctions, and its findings warrant great

4   deference," but the Court must be explicit.  *Id.* at 649; *see also Mendez v. Cnty. of San Bernardino*,

5   540 F.3d 1109, 1132 (9th Cir. 2008) (reversing award of sanctions, in part, because district court failed

6   to make explicit finding of bad faith).

7          Defendant's counsel unquestionably violated Federal Rule of Civil Procedure 5.2.  Rule 5.2

8   specifically requires that in a "filing with the court that contains an individual's social security number

9   . . . a party or nonparty making the filing may include only: (1) the last four digits of the social-security

10  number."  Defendant's counsel filed two documents containing Plaintiff's complete social security

11  number.  Defendant's counsel was unquestionably on notice of his obligation, under Rule 5.2, to redact

12  Plaintiff's social security number.  To access the Court's CM/ECF system, Defendant's counsel is

13  required to check a box that indicates "I understand that, if I file, I must comply with the redaction

14  rules.  I have read this notice."  The notice directly above this language and the check-box states,

15  "**IMPORTANT NOTICE OF REDACTION RESPONSIBILITY:** All filers must redact: Social

16  Security . . . numbers . . . in compliance with Fed. R. Civ. P. 5.2 . . . . This requirement applies to all

17  documents, including attachments."  Additionally, Defendant's counsel had previously redacted his

18  own client's protected information, evidencing his knowledge of the requirement.  This is not a

19  situation where Defendant's counsel was unaware of the requirement or was not given reasonable

20  notice of what was expected.  *Mendez,* 540 F.3d at 1132.

21         In failing to comply with Rule 5.2, Defendant's counsel made Plaintiff's full social security

22  number available to the public.  While counsel eventually corrected the mistake, Plaintiff's

23  information was publically available over the internet for more than three weeks.  Defendant's

24  counsel's attempt to construe Plaintiff's failure to bring the violation to his attention sooner as a

25  waiver is not well taken.  It is not Plaintiff's or the Court's responsibility to comb through Defendant's

26  filings in search of counsel's violations.  And any delay by Plaintiff in bringing the violation to

27  Defendant's attention certainly is not the equivalent of a waiver because Plaintiff did not file his social

28  security number without redaction.  FED. R. CIV. P. 5.2(h) ("A person waives the protection of Rule

1    5.2(a) as to the person's own information by filing it without redaction and not under seal.")

2          The Court need not detail the serious consequences individuals suffer when their social security

3    numbers are publically broadcast over the internet for any would-be identity thieves.  This is evident,

4    not only from the information filed by Plaintiff in support of his motion, but also from Rule 5.2 itself

5    and this district's requirement that any filer affirmatively indicate knowledge of and compliance with

6    the Rule to access the filing system.  The violation is particularly troubling in this instance because

7    Plaintiff is serving in the military in Afghanistan, limiting his ability to personally protect his now

8    compromised social security number from identity thieves.

9          Defendant's counsel's conduct was clearly reckless, but, contrary to Plaintiff's position,

10   recklessness is not enough.  "[R]ecklessness . . . is an insufficient basis for sanctions under a court's

11   inherent power.  Instead, counsel's conduct must constitute or be tantamount to bad faith."  *In re*

12   *Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (internal citations and quotations

13   omitted).  In support of a showing of bad faith, Plaintiff points to this blatant violation, as well as a

14   previous "erroneous" filing with the Court.  Defendant's counsel filed a 14-page document with the

15   Court with Plaintiff counsel's electronic signature when Plaintiff's counsel had only reviewed a 7-page

16   document.

17         The Court finds that Defendant's counsel's conduct, particularly his blatant violation of a Rule

18   he affirmed shortly before filing, has sufficiently disrupted this litigation to warrant the imposition of

19   some sanction.  *Primus*, 115 F.3d at 649 (A party can "demonstrate bad faith by delaying or disrupting

20   the litigation").  Plaintiff requests (1) ten years of credit monitoring for Plaintiff; (2) a $5,000 payment

21   to the National Association of Consumer Advocates; and (3) payment of Plaintiff's attorney's fees,

22   totally $1,817.  The Court finds that $900.00, for five years of credit monitoring, is a reasonable

23   sanction for Defendant's counsel's conduct.[1]  Defendant's counsel shall pay $900.00 to Plaintiff on

24   or before May 20, 2011.

25   ///

26   ///

27

28         [1]This Court's imposition of a sanction does not in anyway shield Defendant's counsel from any liability that might otherwise result from the disclosure of Plaintiff's social security number.

1

**CONCLUSION**

2          Plaintiff's motion for sanctions is **GRANTED in part and DENIED in part**.  Defendant's

3  counsel shall pay Plaintiff $900.00 on or before May 20, 2011.

4

5  **IT IS SO ORDERED.**

6

7  DATED:  April 20, 2011

8

9                                                          Hon. Roger T. Benitez
                                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28